# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

(To be supplied by the court)

__Teresita R. Reyes_____, Plaintiff

v.

__MCDONALD'S CORPORATION et al_____

**Jury Trial requested:**
(please check one)
_X_ Yes ___ No

_____,

_____,

_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

TERESITA REYES  2805 FARVIEW DR. FORT COLLINS CO  80524

(Name and complete mailing address)

(970) 488-9916

(Telephone number and e-mail address)

## B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: McDONALD'S CORPORATION - 110 N. CARPENTER STREET ONE McDONALD'S PLAZA

(Name and complete mailing address) CHICAGO, ILLINOIS 60607  U.S.A

PH. NO. (303) 779-0444

REGIONAL OFFICE 5251 DTC PKWY STE 300 GREENWOOD VILLAGE CO 80111

(Telephone number and e-mail address if known)

MCDONALD'S RESTAURANT NO. 11148 4525 S. COLLEGE AVE FORT COLLINS, CO 80525

Defendant 2: MANAGER ON DUTY ON SEPTEMBER 25, 2025

(Name and complete mailing address)

(970) 225-1717

(Telephone number and e-mail address if known)

Defendant 3: _____

(Name and complete mailing address)

_____

(Telephone number and e-mail address if known)

Defendant 4: _____

(Name and complete mailing address)

_____

(Telephone number and e-mail address if known)

2

## C.    JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

✓ Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

GENERAL PROHIBITIONS AGAINST DISCRIMINATION
28 CFR § 35.130 (a)(b)(1)(i)(ii)(iii)(vii)(3)(ii)(b)(7)(i)(8)(c)(e)

42 U.S. CODE § 1983 - CIVIL ACTION FOR DEPRIVATION OF RIGHTS

____ Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3

**D.    STATEMENT OF CLAIM(S)**

**CLAIM ONE: Colorado Code 18-3-204 1(a) 3 Assault in the Third Degree**

Supporting Facts:

I am a retired sixty nine-year old cardiovascular ICU nurse. I am also an individual with a recognized disability. Because of degenerative joint disease of both knees, my gait is unsteady and I am unable to walk normally. I have difficulty moving about. Getting in and out of the car is not easy. I am a high risk fall and I rely on my walker to ambulate. On September 25, 2023 at about 12:35 p.m., my spouse and I presented at the McDonald's Restaurant drive thru, located at 4525 S. College Ave. in Fort Collins, CO 80525, where, I ordered a milkshake *without* whipped cream at drive thru window no. 1.

I have had previous ordering experience(s) in the past which include, cheese not being added to an egg and sausage biscuit even when cheese had been requested and with the same employee correcting the order by adding cheese but removing the egg. I had also paid for coffee with milk and sugar even though milk and sugar had been ordered on the side. On the day of the incident, in an effort to avoid error, I made sure I clearly ordered and repeated:

"No cream on the milkshake," to the female employee who took my order at drive thru window no. 1.

We then proceeded to drive forward to window no 2, where, after having specified *no whipped cream* at the first window, I was still given a milkshake *with* whipped cream. After informing the

4

female employee at window no. 2 that, I had specified no whipped cream on the milkshake at window no.1, the employee at window no.2 asked for the milkshake back.

In an effort to improve the system, I calmly responded by simply saying, "I need the manager."

The employee responded by asking us to park on the east side of the restaurant and wait for the manager, which we promptly did, not wanting to hold up the line. It appears that, the employee at window 2 must have taken offense at the request for the manager, probably in fear of reprimand, not knowing that I decided to ask for the manager to bring to the management's attention similar food order mistake(s) in the past. This, in effort to help improve the system for everyone. We proceeded to the order pick up area on the east side of the restaurant and parked in space no. 2 to wait for the manager. The manager on duty came out with what looked like a cup with a lid in her hand.

She looked at me and stated, "*Why you **not** say **no** whipped cream?*"

I was taken by surprise knowing that I made sure to the employee who took my order at window 1, that I didn't want whipped cream on my order. It was clear that a miscommunication problem was going on. And that, adversely, it appeared it was I who was being blamed for the salesperson(s) action of misunderstanding and erroneously filling out my order. I thought there was no point in bringing up instances of past wrong orders that I had in good faith agreed to pay for. Disappointed but not wanting to make waves, I calmly responded by giving the manager the milkshake with whipped cream back, refusing the milkshake she had in her hand and asked for a refund. It was then that the manager on duty shouted at me:

"No refund!" She shouted angrily, before turning and briskly walking away.

5

Shocked by the manager on duty's hostile and oppressive behavior, unbecoming of a McDonald's person in authority, I decided to call the Fort Collins Police, to bring the inappropriate behavior of a store manager who was in a position of trust and authority - to their attention, unaware that around the same time the MOD was on the line calling the police with what video and audio evidence will show are false allegations against me. My call was received by a female dispatcher who informed me that the police were on the way. I truly had no idea why she kept repeating, "DO NOT GO NEAR THEM." I could not understand why the dispatcher was repeatedly warning me against going near anyone. This is because I am disabled and struggle to get from point to point. I knew of no reason or any need for me to leave the car to approach anyone, prompting the dispatcher to warn me "DON'T GO NEAR THEM!"

This, is precisely why my husband who is in his 70's and I always go thru the drive thru to buy food while on the road. We eat our food inside the car so that my husband doesn't have to struggle with getting my walker in and out of the car and I don't have to walk and risk a fall. I was puzzled and hadn't the faintest idea what was going on between the manager and the employees inside the restaurant.

I beg for leave to respectfully bring to the Court's attention in all earnestness that: *I was not informed and knew nothing of what was going on at the time of the incident, I was denied a fair chance to respond accordingly to whatever allegations against me that the manager on duty and the employees of windows 1 and 2 were presenting to the police; allegations that prompted the police to warn me "Do not go near them."*

It is my understanding that, I had been given a wrong order that I had refused and asked a refund for. Video and audio tapes of the ordering process at the drive thru, which I had contacted

and requested McDonald's to preserve in consideration of litigation, will show how *quickly and uneventful the entire ordering process at the drive thru windows were*. The Plaintiff is confident that video and audio tapes will also attest to the fact that; no aggression nor hostilities occurred during the entire incident, but for, the manager's assault and battery against a disabled senior and long time patron of McDonald's.

After a short while, the manager returned to the parking lot where we were. She looked upset as she approached our vehicle while we were waiting for the police. It all happened so fast. We were taken by surprise as she purposefully walked over to the driver's side and deliberately put her hand in front of my spouse and suddenly hurled the refund money (bills and **coins**) close to my face as she shouted and threatened,

"Here! Do not come back!"

**Assertion**: The manager on duty was standing on the left side of the parked car. If, indeed she had in fact meant to cause **no** harm to me, then she could have calmly handed over the money to my husband who was sitting in the driver's side closest to her and walked away. Instead, in an effort to demean and insult me, she took control of the situation by deliberately choosing to inflict harm by throwing the money at me as I sat on the opposite side of the vehicle. Fortunately, I had eyeglasses to protect my eyes against the coins and the bills that she viciously threw at me as I sat helpless and unprepared for the unprovoked assault inside the car.

The attack left me shocked and speechless and in fear for my safety. The Patrol Officer, August Barber, who immediately responded to the call stated:

*"I see the money on you, but I don't know what happened."*

7

On September 26, 2023, a formal request that the audio and video tapes of the incident (drive thru and parking lot) be preserved for evidence in consideration of legal action had been presented by the Complainant to the McDonald's Corporate office via the McDonald's CONTACT US  form.

In consideration of further claims of Respondeat Superior and deprivation of rights to be presented incidental to the incident, the Plaintiff would like to respectfully bring to the Court's attention that the complaint was formally submitted to McDonald's online, on September 26, 2023.

**CLAIM TWO: Colo. Rev. Stat. § 18-6.5-103 (1) (2) (c) (3) (c) Crimes against at-risk persons**

## Supporting Facts:

The Plaintiff is sixty nine years of age and an individual with a recognized disability. **Colo. Rev. Stat. §18- 6.5-102 (11) (b)** defines the Plaintiff is as an at-risk individual and as such; it is to the best of the Plaintiff's understanding that, enhanced penalties for assault in the third degree apply, and that by provision of **Colo. Rev. Stat.§ 18-6.5-103 (2) (c) (3) (c)** the misdemeanor charge against the offender is now a Class 6 felony.

**CLAIM THREE: 28 CFR § 35.130 (a) (b) (1) (i) (ii) (iii) (vii) (3) (ii) (b) (7) (i) (8) (c) (e) -**

**General prohibitions against discrimination**

Supporting Facts

The Plaintiff asserts that, McDonald's action to impose binding arbitration and a waiver, that, in effect would take away the disabled Plaintiff's constitutional right to trial provided in the seventh amendment; in exchange for web accessibility is not only arbitrary. It is also in violation of web accessibility mandate of Title III of the ADA.

Conditioning website service in exchange for the elderly and disabled Plaintiff's consent to waive the right to trial and equal protection of the laws is not only arbitrary but also in violation of the ADA Integration Mandate. The deprivation creates a barrier that goes against the Department of Justice's web accessibility mandate . The Plaintiff asserts that, by enforcing the waiver, McDonald's is essentially denying the disabled, in this case, the unrepresented Plaintiff who is mobility- impaired and unwilling to relinquish the right to seek redress in Court - the ease and convenience of web service for communicating legal concerns to McDonald's via benefit of online service. McDonald's action to impose mandatory arbitration in exchange for the disabled Plaintiff's right to trial erects a barrier that segregates and prevents the mobility impaired Plaintiff, as well as all the other disabled individuals belonging to a protected class, from accessing opportunity to benefit from McDonald's online services, in violation of the Department of Justice's web accessibility mandate. *emphasis added*

## CLAIM FOUR: 42 U.S. Code § 1983 - Civil action for deprivation of rights

Supporting Facts

9

It is asserted that, McDonald's action to secure the Plaintiff's consent to enter into legally binding arbitration and to require the Plaintiff to surrender a constitutional right to trial as provided by the seventh amendment, in effect, deprives the Plaintiff of the right to Due Process and Equal Protection of the Fourteenth Amendment.

The Plaintiff deems that; McDonald's conditioning benefit of web access to the McDonald's *Contact Us web page* only if the Plaintiff agrees to:

    a. Engage in mandatory arbitration

    b. Surrender right to trial as provided in the Seventh Amendment

    c. Waive rights to Due Process and equal protection of the Fourteenth Amendment

McDonald's limitations on liability and disclaimers is construed as a deprivation of rights in violation of **42 U.S. Code § 1983**. The denial of rights *a, b & c* above, creates an imbalance that leaves the Plaintiff disadvantaged by unequal bargaining power. It is deemed that, McDonald's imposition of a waiver that, in effect would take away the Plaintiff's constitutional right(s) to the Seventh and Fourteenth Amendments to the Constitution, is unlawful and tantamount to an unconscionable trade practice that serves to disadvantage unwary consumers who in effect would be stripped of the rights to due process and the equal protection of the laws, that they were compelled to waive to be able to avail of web access to the McDonalds website, in particular the Contact Us web page.

Vague Contract

A web page with the disclaimer stating that by continuing to use the McDonald's website after October 20, 2023 indicates Consumers' agreement to be bound by McDonald's new terms and conditions that include a binding arbitration provision and a waiver of consumers' right to trial in court is posted on the McDonald's Contact Us web page. The page had been taken down and replaced on or about October 9, 2023.

A review of **No. 9 Limitations on liability and disclaimers** states that:

*"Neither McDonald's nor any other Members of the McDonald's System would be held liable for any personal injury or property damage related to or arising out of the online services or out of the acts or omissions of Members of the McDonald's System whether arising out of contract, tort or ordinary negligence.*

However, on the contrary to what is stated above the disclaimer further adds:

*"Nothing in this section is intended to limit McDonald's liability for damages to the extent caused by McDonald's own gross negligence or intentional or unlawful misconduct. Additionally, nothing in this section is intended to limit or alter your rights as a consumer that cannot be limited or altered under applicable law.*

The Plaintiff asserts that:

1. The disclaimer is vague

2. Terms of limitations on McDonald's liability weigh heavily in favor of McDonald's, leaving consumers who waived their right to trial in court bound by mandatory arbitration, with little to no recourse or bargaining power.

**CLAIM FIVE: Colo. Rev. Stat. § 18-8-111 (1) (a) (b) (c) - False reporting to authorities**

Supporting Facts

False Report no.1

The event details of police report FC232680219 states that, on September 25, 2023 at **12:41 p.m.**, the manager on duty of the McDonald's restaurant located at 4525 South College Avenue, Fort Collins had called and complained to the Fort Collins police that the Plaintiff was at the drive thru and was *"... refusing to move after yelling at the employee(s)."*

The Plaintiff strongly argues that, video and audio recording of drive thru windows 1& 2 will show that at **12:35** the plaintiff was at window 1 placing an order and that, at **12:41** while the MOD was on the phone with the police accusing the Plaintiff of *"... yelling at the employee(s) and refusing to move,"* - that the Plaintiff was already waiting at the east side parking lot of the restaurant. The Plaintiff asserts that, that there was no way she could have caused a commotion by yelling and refusing to move away from window 2, all this in lieu of the fact that, the Plaintiff was already in the parking lot and making a phone call to report to the police that the manager had come out to the parking lot and stated:

*" Why you not say no cream! NO REFUND!"* apparently upset that the Plaintiff cancelled the order and was asking for a refund.

From the sequence of events, it appears that, after the MOD came out to the parking lot at **12:41,** the angry MOD must have returned inside the restaurant and called the Police, <u>telling them that</u>

12

the Plaintiff was at the drive thru refusing to move and was yelling at the employees, **even though the Plaintiff was already in the parking lot and waiting for the refund**.

In order to attest to the truthfulness of the Plaintiff's allegations, the Plaintiff respectfully petitions the Court to refer to all the time-stamped sales receipts from window 1, from **12:35** when Plaintiff was at window 1 placing an order, up till **12:41** when the MOD called the police accusing the Plaintiff of creating and causing a commotion at the drive thru windows. The Plaintiff asserts that, the number of transactions at window 1 that came right after the Plaintiff had placed her order would show whether flow of traffic at the drive thru was impeded from the Plaintiff's refusing to move as the MOD had alleged. The Plaintiff further asserts that, video tapes of window 1 & 2 will show whether the Plaintiff had indeed yelled at the employees as the MOD reported to the police.

After having vehemently refused to give the Plaintiff a refund, the MOD went back inside the restaurant. After a short while she returned to the parking lot and took the Plaintiff and her spouse by surprise by shouting, *"... HERE! DON'T COME BACK!"*, as she hurled coins and paper bills at the Plaintiff, who was sitting on the passenger side. The Plaintiff's spouse is in his seventies. The Plaintiff is elderly, an at-risk individual who is mobility impaired and with a recognized disability. Both Plaintiff and her spouse were shocked and stunned by the MOD's aggression and blatant disregard for duty, being the authority and officer in charge of the restaurant. The assault was unprovoked and traumatic. To date, we remain distrustful and wary about going back to the restaurant in fear of the MOD's temper and attitude.

False Reporting no. 2:

MOD alleges that the Plaintiff and her spouse were *".... racist to her staff."*

13

Plaintiff counters by stating for the record that, the Plaintiff's spouse had not uttered a single word to the MOD or to any McDonald's employee during the entire incident. The Plaintiff is not a racist. The Plaintiff speaks Spanish and has a lot of Hispanic acquaintances who are pleasant and agreeable. The Plaintiff had not uttered a single derogatory word at any of the employees or the manager. Nor has she yelled at anyone during the entire incident, which is why she was taken by surprise at the turn of events. Video and audio of the incident will attest to the Plaintiff's assertions.

False Reporting no. 3

Police report fails to mention that, the Plaintiff was in the parking lot waiting for the refund which, the MOD refused to give at the time of the assault. The report also fails to mention that the MOD shouted *"No refund!"* which prompted the Plaintiff to call the police and report the exchange.

Police report fails to mention that the MOD returned and shouted , " ...HERE! DON'T COME BACK!" as she threw the refund money including coins at the Plaintiff. According to the police report, the MOD stated that she " ... ***dropped the money*** on the Plaintiff's lap."

The MOD lied about the Plaintiff and her spouse not wanting to take the refund money. The refund was what the Plaintiff and her spouse were waiting for out in the parking lot. Video will show that, the angry MOD purposefully intended to harm, insult and demean the Plaintiff. This was because instead of giving the refund money to the Plaintiff's spouse who was at the wheel closest to her, the MOD deliberately chose to hurl the money and inflict pain on the unsuspecting Plaintiff who was sitting farther away on the opposite side of the vehicle.

14

The Plaintiff asserts this is not true because she was sitting on the opposite side of the vehicle. The fact remains that, the Plaintiff was sitting too far on the opposite side of the vehicle, which made it impossible for the MOD to be able to " ... *drop the money on her lap.*"

It is argued that, had the MOD indeed **dropped** the coins on the Plaintiff's lap as she alleges and not in fact, hurled it angrily at the Plaintiff who was sitting on the other end of the vehicle, then the bills and the coins would have been in a neat pile on her lap and not strewn all over the Plaintiff and down the floor of the vehicle at the Plaintiff's feet. Officer August Barber who immediately responded to the call, saw the bills and coins all over the Plaintiff.

- end -

**E.     REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

PLAINTIFF RESPECTFULLY APPEALS TO THE COURT FOR COMPENSATORY DAMAGES FOR DISCRIMINATION BASED ON DISABILITY AND DEPRIVATION OF RIGHTS AS PROVIDED FOR BY THE SEVENTH AND FOURTEENTH AMENDMENTS.
AMOUNT: $75,000.00
PUNITIVE DAMAGES IN THE AMOUNT OF $ $1,000,000.00
THE PLAINTIFF RESPECTFULLY APPEALS TO THE COURT FOR RELIEF FOR SUCH DAMAGES THE COURT MAY DEEM JUST

THANK YOU

**F.     PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Juanita Reyes*
(Plaintiff's signature)

10-12-2023
(Date)

(Revised February 2022)

5